UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN WILLIAM CASSADAY,

*Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

*Defendants*.

Civil Action No. 25 - 4568 (UNA)

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff Kevin Cassaday's application to proceed *in forma pauperis*, ECF No. 2, and pro se complaint, ECF No. 1. For the reasons explained below, the court will grant Mr. Cassaday's application and dismiss the complaint and the case without prejudice.

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction." *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "A dispute does not fall within the subject-matter jurisdiction of federal courts unless it qualifies as a 'case' or 'controversy' within the meaning of article III, and it cannot so qualify unless the plaintiff has suffered 'injury in fact.'" *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 305 (D.D.C. 2014) (quoting

*Nat'l Ass'n of Recycling Indus., Inc. v. Sec'y of Com.*, 494 F. Supp. 158, 160 (D.D.C. 1980)). Article III standing is comprised of three elements: "(1) the plaintiff must have suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'; (2) there must exist 'a causal connection between the injury and the conduct complained of'; and (3) it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Friends of Animals v. Jewell*, 828 F.3d 989, 991-92 (D.C. Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Mr. Cassaday has sued President Donald J. Trump and the United States to object to several of President Trump's policies and actions, including the imposition of tariffs and tax breaks, the general "eroding [of] public institutions," "attacking boats on the shores of foreign countries," "[w]eaponizing the DOJ against political parties," and "stag[ing]" COVID to "create a chemical weapon to purge the world of life, fearmonger society[,] & delude them into taking a governmental vaccine recipe." ECF No. 1, at 11-13. Mr. Cassaday recites the Declaration of Independence, then states that President Trump "is hypocritically violating everything decried under the reasons for separation from the tyrannical King of Great Britain." *Id.* at 7-18. Among other relief, he seeks a $40 trillion, a declaration that "any & all tariffs" imposed by President Trump are unconstitutional, and a declaration that Mr. Cassaday is "sovereign and immune from any taxes or all the things described in the Declaration of Independence until further notice when such reorganization of the institutions of this tyrannical government, & separation of powers are restored." *Id.* at 22.

Mr. Cassaday fails to sufficiently allege that he has sustained, or is likely to sustain, injury resulting from Defendant's actions. A plaintiff "must demonstrate 'a personal stake in the outcome of the controversy'" to have Article III standing. *Hall v. D.C. Bd. of Elections*, 141 F.4th 200, 205 (D.C. Cir. 2025) (quoting *Gill v. Whitford*, 585 U.S. 48, 65 (2018)). "Absent any allegations to

2

suggest [Mr. Cassaday] ha[s] some 'particularized stake in the litigation,' this suit presents 'precisely the kind of undifferentiated, generalized grievance' . . . that federal courts may not hear." *Davis v. D.C. Dep't of Corr.*, No. 25-CV-1895, 2025 WL 1743940, at *1 (D.D.C. June 24, 2025) (quoting *Lance v. Coffman*, 549 U.S. 437, 442 (2007)).  A plaintiff like Mr. Cassaday who raises "a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74.  Because Mr. Cassaday fails to allege facts sufficient to establish standing, this court lacks subject-matter jurisdiction to hear his claims.

Accordingly, the court will grant Mr. Cassaday's application to proceed *in forma pauperis*, ECF No. 2, and dismiss the complaint and the case without prejudice for lack of subject-matter jurisdiction, ECF No. 1.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:  February 19, 2026